United States District Court
Eastern District of Virginia
Alexandria Division

| | |
|---|---|
| **The PUBLIC INTEREST LEGAL FOUNDATION**<br><br>*Plaintiff*,<br><br>v.<br><br>**SUSAN REED, in her official capacity as General Registrar for the City of Manassas**<br><br>*Defendant*. | No. 1:16-CV-_____<br><br>**COMPLAINT** |

# Complaint

Plaintiff, by its attorneys, brings this action for violations of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507.

1. Plaintiff seeks injunctive relief to compel Defendant's compliance with Section 8 of the NVRA. Specifically, Plaintiff seeks an order commanding Defendant to permit inspections and duplication of election records pursuant to 52 U.S.C. § 20507(i).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the action arises under the laws of the United States. This Court also has jurisdiction under 52 U.S.C. § 20510(b), as the action seeks injunctive relief under the NVRA.

3. Venue in this Court is proper under 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

1

## PARTIES

4. The Public Interest Legal Foundation, Inc. (the "Foundation") is a non-partisan, public interest organization headquartered in Plainfield, Indiana, and with undersigned counsel in Alexandria, Virginia. Founded in 2012, PILF seeks to promote the integrity of elections nationwide. The Foundation has dedicated significant time and resources to ensure that voter rolls in the Commonwealth of Virginia, and other jurisdictions throughout the United States, are free from ineligible registrants, non-citizens, individuals who are no longer residents and individuals who are registered in more than one location.

5. The Defendant, Susan Reed, is the General Registrar for the City of Manassas, a position created by Article II, Section 8 of the Constitution of Virginia.

6. Virginia law requires Registrar Reed to "[m]aintain accurate and current registration records and comply with the requirements . . . for the transfer, inactivation, and cancellation of voter registrations." Va. Code Ann. § 24.2-114(12). Other Virginia statutes obligate the Defendant to maintain accurate voter rolls including, but not limited to, Va. Code Ann. § 24.2-428 (B) through (E) (registrar makes mailings to registrants and shall "correct registration records"), Va. Code Ann. § 24.2-427(B) (cancellation of deceased or ineligible registrants "known" to registrar), Va. Code Ann. § 24.2-427(B1) through (C) (registrar conducts efforts to identify ineligible registrants) and Va. Code Ann. § 24.2-428.1 (other obligations of registrar to conduct list maintenance).

## FACTUAL BACKGROUND

7. Under the NVRA, the Defendant "shall maintain for at least 2 years and shall make available for public inspection . . . all records concerning the implementation of programs

and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. . . ." 52 U.S.C. § 20507(i)(1).

8. On August 8, 2016, the Foundation contacted the Defendant by letter (hereafter, the "Notice Letter" (Exhibit A)). Pursuant to Section 20507(i) of the NVRA, the Notice Letter requested that the Defendant provide the Foundation an opportunity to inspect and obtain the following data and documents:

1. *Documents regarding all registrants who were identified as potentially not satisfying the citizenship requirements for registration from any information source*, including information obtained from the Virginia Department of Motor Vehicles or from the Virginia State Board of Elections since 2011. This request extends to all documents that provide the name of the registrant, the voting history of such registrant, *the nature and content of any notice sent to the registrant*, including the date of the notice, the response (if any) of the registrant, and *actions taken regarding the registrant's registration (if any) and the date of the action. This request extends to electronic records capable of compilation.*

2. All communications regarding your list maintenance activities relating to #1 above to the Commonwealth's Attorney, Virginia Attorney General, Virginia State Police, any other state law enforcement agencies, the United States Attorney's office, or the Federal Bureau of Investigation.

3. The total voting-age population in your jurisdiction as of the date of your response; and

4. The total number of voters registered in your jurisdiction as of the date of your response.

(emphasis added).

The Foundation offered to visit the Defendant's office to inspect the records, or, in the alternative, the Foundation agreed to receive the records in paper format in order to dispense with the need to visit the Defendant's office in person.

9. On August 25, 2016, the Plaintiff contacted the Defendant via email. The Defendant refused to provide an opportunity to inspect and duplicate documents responsive to request number one, above. Specifically, the Defendant refused to provide an opportunity to inspect and duplicate

records showing individuals whose voter registrations have been cancelled because they were determined to not be United States citizens (hereafter, the "noncitizen cancellation report").

10. On September 13, 2016, the Foundation contacted the Defendant by telephone to discuss the Notice Letter and to again request an opportunity to inspect the requested records, including the noncitizen cancellation report. The Defendant again refused to provide an opportunity to inspect and duplicate the noncitizen cancellation report.

11. On September 23, 2016, a representative of the Foundation visited the Defendant's office in person to inspect the requested records, including the noncitizen cancellation report.

12. The Defendant refused to provide the representative from the Plaintiff the right to inspect and refused to duplicate the requested records, including the noncitizen cancellation report. The Defendant offered to provide a list of *all* cancellations of registrations without differentiating the basis for cancellation, thus obscuring the reason for the cancellation. The Defendant's offer to provide a list of all cancellations without the basis for cancellation constituted a refusal to comply with the Plaintiff's August 8, 2016, request to inspect public election records.

13. The Foundation has previously received the requested noncitizen cancellation report from other general registrars in the Commonwealth of Virginia pursuant to nearly identical request written requests. Those general registrars who provided those reports were able to generate the reports at their offices to satisfy Plaintiff's inspection request.

14. The Defendant has received written guidance from state election officials over the previous several years instructing her to comply fully with public records inspection requests

under the NVRA. Nevertheless, the Defendant refused to allow the Plaintiff access to inspect and duplicate the requested records.

15. Plaintiff continued to seek a resolution to this dispute and access to the documents until the very eve of filing this case. To date, the Defendant has not provided the Foundation with access to the requested records, including the noncitizen cancellation report for the City of Manassas. To date, the Plaintiff has not enjoyed access by Defendant to the election records requested on August 8, 2016. Indeed, nobody has provided the requested records to the Foundation or permitted public inspection of the same.

16. Since 2007, Virginia election officials have used the Virginia Election and Registration Information System (VERIS) to manage Virginia's election and voter registration records. *See* Va. Code § 24.2-404(A) (requiring central recordkeeping system); *see also* Virginia Department of Elections, VERIS Guide, August 30, 2016, *available at* http://elections.virginia.gov/Files/Media/Agendas/2016/2016-08-30-VERIS.pdf.

17. Virginia law requires that the VERIS database maintain a "separate record for registered voters whose names have been deleted, with the reason for deletion." Va. Code § 24.2-404(A)(5). Defendant has this system in the Defendant's office for list maintenance purposes and can provide the requested information to the Plaintiff.

18. Virginia law requires each general registrar to "maintain the official registration records for his county or city in the [VERIS database]." Va. Code § 24.2-114(8).

19. The VERIS database can generate a report showing all individuals whose registration was cancelled and the reason for the cancellation. Exhibit B to this Complaint is a true and correct copy of a report generated for the Foundation by the general registrar for Prince William County using the VERIS database pursuant to an identical request directed toward

Prince William County. The report which includes all individuals whose registrations were cancelled for problems pertaining to valid citizenship. The Prince William is general registrar is not the only local election official in Virginia who complied with Plaintiff's identical request.

20. The Defendant is capable of generating and making available for public inspection pursuant to the NVRA the requested noncitizen cancellation report requested from the Defendant's office.

21. The requested noncitizen cancellation report is a record "concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. . . ." 52 U.S.C. § 20507(i)(1).

22. Under the NVRA, the Defendant is obligated to make the requested noncitizen cancellation report available for public inspection. The Defendant has not done so after repeated efforts by the Plaintiff to obtain the report for nearly three months.

23. As an integral part of its public interest mission, the Foundation disseminates information about compliance by state and local officials with federal election statutes, including election integrity statutes. A central activity of Foundation is to promote election integrity and compliance with federal and state statutes which ensure the integrity of elections. The Defendant's violation of NVRA has impaired and will impair the Foundation from carrying out this mission and thus the Foundation has itself has been harmed by Defendant's noncompliance with the NVRA.

24. The failure of the Defendant to comply with its obligations under the NVRA has undermined the confidence of Virginia's properly registered voters, in the integrity of the voter registration rolls and, accordingly, has undermined the integrity of elections held across the Commonwealth of Virginia.

25. The Notice Letter transmitted to the Defendant on August 8, 2016 satisfies the statutory notice required to be given to the Defendant prior to initiation of this lawsuit. 52 U.S.C. § 20510(b)(1).

26. The Notice Letter also notified the Defendant that a lawsuit may be brought against her to ensure compliance with the NVRA. (Exhibit A at 2.)

27. Defendant has not cured her violation of the NVRA within the 20 day period applicable within 120 days of a federal election under the NVRA. 52 U.S.C. § 20510(b)(2).

28. The Foundation has spent considerable time and financial resources in an effort to obtain the requested records and to improve the accuracy of voter rolls across the Commonwealth.

29. The Defendant's failure to provide access to the requested records has frustrated, impeded and harmed the efforts of the Foundation.

## COUNT I

### (Violation of the NVRA: Failure to Produce Records and Data)

30. Plaintiff realleges paragraphs 1 through 29 as if fully stated herein.

31. The Defendant has failed to respond to Plaintiff's written request for data and failed to provide records to Plaintiff concerning Defendant's implementation of programs and activities for ensuring the accuracy and currency of official lists of eligible voters for the City of Manassas, in violation of Section 8 of the NVRA, 52 U.S.C. § 20507(i). *See Project Vote v. Long*, 682 F.3d 331, 334-335 (4th Cir. Va. 2012) (The NVRA requires local election officials to provide such data to the public).

32. Plaintiff has suffered an irreparable informational injury as a direct result of Defendant's violation of Section 8 of the NVRA because the Plaintiff does not have the data and

records requested. The NVRA confers upon Plaintiff a right to information, and by denying that information to the Plaintiff, the Defendant caused a concrete injury to the Plaintiff.

33. Plaintiff will continue to be injured by the Defendant's violations of Section 8 of the NVRA unless and until the Defendant is enjoined from continuing to violate the law.

34. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for a judgment:

1. Declaring that Defendant is in violation of Section 8 of the NVRA;

3. Ordering the Defendant to provide to the Plaintiff the records concerning her implementation of programs and activities to ensure the accuracy and currency of the City of Manassas's voter registration list.

4. Ordering the Defendant to pay Plaintiff's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S.C. § 20510(c); and

5. Granting Plaintiff further relief that this Court deems just and proper.

Dated: October 31, 2016

Respectfully submitted,

For the Plaintiff Public Interest Legal Foundation:

                              /s/
J. Christian Adams (Va. Bar # 42543)
Attorney for Public Interest Legal Foundation, Inc.
300 N. Washington Street
Suite 405
Alexandria, Virginia 22314
(703) 963-8611
Fax: (888) 815-5641
adams@publicinterestlegal.org

Joseph Vanderhulst*  
Attorney for Public Interest Legal Foundation, Inc.  
209 W. Main Street  
Plainfield, IN 46168  
(317) 203-5599  
Fax: (888) 815-5641  
jvanderhulst@PublicInterestLegal.org  
*Pro Hac Vice application to be filed*