**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, INC. | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SUSAN REED, in her official capacity as General Registrar for the City of Manassas, | ) ) ) |
| Defendant. | ) ) ) ) ) ) |

Civ. No. 1:16-CV-1375

### SUSAN REED'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES

Susan Reed ("Defendant"), in her official capacity as General Registrar for the City of Manassas, by counsel, respectfully submits this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)). In connection therewith, Defendant respectfully states as follows:

### Procedural Background

1.     The Public Interest Legal Foundation, Inc. (collectively as "Plaintiff") commenced this adversary proceeding by filing a Complaint on November 3, 2016 seeking declaratory and injunctive relief to compel Defendant's compliance with Section 8 of the National Voter Registration Act of 1993 ("NVRA").

### Statement of Facts

2.     Plaintiff is a public interest organization headquartered in Plainfield, Indiana, that works to promote the integrity of elections nationwide. Plaintiff asserts that it has dedicated significant time and resources to ensure that voter rolls in the Commonwealth of Virginia are

free from ineligible registrants, non-citizens, and individuals who are no longer registered. (Compl. ¶ 4.)

  3.  Defendant is the General Registrar for the City of Manassas.  (Compl. ¶ 5.)

  4.  On August 8, 2016, Plaintiff sent a statutory notice letter ("notice letter") to Defendant.  In the notice letter, Plaintiff requested that Defendant provide Plaintiff an opportunity to inspect the following information:

> 1. *Documents regarding all registrants who were identified as potentially not satisfying the citizenship requirements for registration from any information source*, including information obtained from the Virginia Department of Motor Vehicles or from the Virginia State Board of Elections since 2011.  This request extends to all documents that provide the name of the registrant, the voting history of such registrant, *the nature and content of any notice sent to the registrant*, including the date of the notice, the response (if any) of the registrant, and *actions taken regarding the registrant's registration (if any) and the date of the action. This request extends to electronic records capable of compilation.*
>
> 2.  All communications regarding your list maintenance activities relating to #1 above to the Commonwealth Attorney, Virginia Attorney General, Virginia State Police, any other state law enforcement agencies, the United States Attorney's office, or the Federal Bureau of Investigation.
>
> 3.  The total voting-age population in your jurisdiction as of the date of your response; and
>
> 4.  The total number of voters registered in your jurisdiction as of the date of your response.

(See attached as Exhibit 1 a true and accurate copy of the notice letter) (Compl. ¶ 8.)

  5.  On September 13, 2016, Plaintiff contacted Defendant by telephone to discuss the notice letter and repeated its requests.  Specifically, Plaintiff requested an opportunity to inspect and duplicate records showing individuals whose voter registrations had been cancelled by

Defendant because they were determined not to be United States citizens ("non-citizen cancellation report").  (Compl. ¶ 10.)

6.    On September 23, 2016, a representative of Plaintiff visited Defendant's office to inspect the non-citizen cancellation reports.  Defendant did not disclose the requested non-citizenship cancellation reports to Plaintiff.  (Compl. ¶ 11-12.)

7.    In response, Plaintiff filed a Complaint in the Eastern District of Virginia, Richmond Division, on November 3, 2016 (the "Complaint").

8.    Paragraph 21 of the Complaint, alleges that "[t]he requested non-citizen cancellation report is a record 'concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters . . . . 52 U.S.C. § 20507(i)(1)."  (Compl. ¶ 21.)

9.    Paragraph 22 asserts that "[u]nder the NVRA, the Defendant is obligated to make the requested non-citizen cancellation report available for public inspection."  (Compl. ¶ 22.)

10.    Relying on these allegations and conclusory statements, Plaintiff asserts one claim against Defendant:

> The Defendant has failed to respond to Plaintiff's written request for data and failed to provide records [the non-citizen cancellation report] to Plaintiff concerning Defendant's implementation of programs and activities for ensuring the accuracy and currency of official lists of eligible voters for Chesterfield County, in violation of Section 8 of the NVRA, 52 U.S.C. § 20507(i).  *See Project Vote v. Long*, 682 F.3d 331, 334-335 (4th Cir. 2012) (The NVRA requires local election officials to provide such data to the public).
>
> (Comp. ¶ 31).

11.    Accordingly, Plaintiff asks this Court to declare Defendant in violation of Section 8 of the NVRA.  Additionally, Plaintiff demands judgment (1) declaring that Defendant is in violation of the NVRA; (2) ordering the Defendant to provide to the Plaintiff the records

concerning his implementation of programs and activities to ensure the accuracy and currency of City of Manassas's voter registration list; and (3) ordering the Defendant to pay Plaintiff's reasonable attorney's fees, including litigation expenses and costs, pursuant to 52 U.S. § 20510(c).  (Compl. ¶ 1, 3-4[sic].)

## Argument

### I.      Standard of Review.

12.      When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff.  *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).  As the Supreme Court notes, a complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

13.      Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The court "need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009).  Moreover, "elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes."  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).  "[W]hen the allegations in a

4

complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558.

14.     Thus, the Court should grant a motion to dismiss unless the factual allegations in the complaint raise a reasonable inference that Plaintiffs will be able to make a case.  *Twombly*, 550 U.S. at 556.  Plaintiffs "must sufficiently allege facts to allow the Court to infer that all elements of each of his causes of action exist."  *Jordan v. Alternative Res. Corp.*, 458 F.3d 332, 344-45 (4th Cir. 2006).  Moreover, a complaint must allege sufficient facts to establish plausible grounds upon which the claim rests and must contain more than a claimant's bare averment that he wants relief and is entitled to it.  *See Twombly*, 550 U.S. at 556.

15.     The Supreme Court has stated that the plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  *Twombly*, 550 U.S. at 556.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of "entitlement to relief."  *Id.* at 557; *Iqbal,* 556 U.S. at 678.

## II.     18 U.S.C. § 2721 Prohibits Disclosure of the Information

16.     Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Under Count I, Plaintiff essentially asserts that Defendant failed to disclose the non-citizenship cancellation report.  A fair reading of the Complaint indicates that Plaintiff requests the following data: 1) "Documents regarding all registrants who were identified as potentially not satisfying the citizenship requirements for registration from any information source, including information obtained from the Virginia Department of Motor Vehicles" and 2) "All communications regarding your list maintenance

activities relating to #1 above to the Commonwealth's Attorney, Virginia Attorney General, Virginia State Policy, any other state law enforcement agencies, the United States Attorney's office, or the Federal Bureau of Investigation." (Compl. ¶ 8.)

17.   Plaintiff admits that the non-citizenship cancellation report is derived directly from personal information from the Virginia Department of Motor Vehicles.   (Compl. ¶ 8.)

18.   Under 18 U.S.C. § 2721(a), "A State department of motor vehicles, and any officer, employee, or contractor thereof, shall not knowingly disclose or otherwise make available to any person or entity: (1) personal information, as defined in 18 U.S.C. 2725(3), about any individual obtained by the department in connection with a motor vehicle record." Section 2725(3) defines "personal information" as "information that identifies an individual, including an individual's photograph, social security number, driver identification number, name, address (but not the 5-digit zip code), telephone number, and medical or disability information, but does not include information on vehicular accidents, driving violations, and driver's status." Additionally, "person" is defined as "an individual, organization or entity, but does not include a State or agency thereof." 18 U.S.C. § 2725(2).

19.   When read together, Plaintiff is a "person" as defined under § 2725(2). Consequently, the Department of Motor Vehicles must not "knowingly disclose or otherwise make available" the requested personal information.  In making repeated requests for disclosure of the non-citizenship cancellation reports, Plaintiff ignores federal law prohibiting such disclosure.  The non-citizenship cancellation report is replete with personal information derived from the Department of Motor Vehicles' records and, therefore, is expressly protected under Section 2721(a).  While Section 2721(b) does permit disclosure of information "[f]or use by any governmental agency . . . in carrying out its functions", the exception solely allows the General

6

Registrar, as an official within the Virginia Department of Elections, to review the personal information or carry out list maintenance purposes.

20.     Plaintiff has requested specific personal information derived from the Virginia Department of Motor Vehicles that may have provided assistance in Defendant's list maintenance program.  There is no authority under the National Voter Registration Act that overrides Section 2721's express prohibition of disclosing personal information from the Department of Motor Vehicles.  Accordingly, the non-citizenship cancellation reports requested by Plaintiff are protected under the Section 2721 and must not be disclosed.

21.     Plaintiff also requests "[a]ll communications regarding your list maintenance activities relating to #1 [non-citizen cancellation reports] above to the Commonwealth's Attorney, Virginia Attorney General, Virginia State Policy, any other state law enforcement agencies, the United States Attorney's office, or the Federal Bureau of Investigation."  Plaintiff's request is both vague and not a list maintenance document under the NVRA.  The NVRA permits disclosure of "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy of official lists of eligible voters . . . ." 52 U.S.C. §20507(i).  The information sought by Plaintiff is "communications" relating to the non-citizenship cancellation reports.  As previously established, the non-citizenship cancellation reports cannot be disclosed under Section 2721 and do not relate to list maintenance.  Accordingly, any communications relating to such information also does not relate to list maintenance and are not under the purview of the NVRA disclosure requirements.

`       22.     Plaintiff relies on *Project Vote v. Long*, 682 F.3d 331 (4th Cir. 2012) to support its argument that the non-citizenship cancellation reports must be disclosed.  The information requested by the plaintiffs in *Project Vote* is factually distinguishably from the requested

information in the current matter.  In *Project Vote*, the plaintiffs requested that the Registrar "'make available for inspection and copying the completed voter registration applications of any individual who timely submitted an application at any time from January 1, 2008, through October 31, 2008, who was not registered to vote in time for the November 4, 2008 election" as well as 'documents identifying the reasons the applications were rejected.'"  *Id.* at 333.  In contrast, Plaintiff demands disclosure of "[d]ocuments regarding all registrants who were identified as potentially not satisfying the citizenship requirements for registration from any information source, *including information obtained from the Virginia Department of Motor Vehicles . . . .*" (emphasis added).

23.     The requests by the plaintiffs in *Project Vote* did not derive from any information from the Department of Motor Vehicles but dealt with information directly related to voter registration applications.  As such, *Project Vote* is factually distinguishable and inapplicable to the current matter.  Consequently, Plaintiff's complaint does not establish a plausible ground for relief under the National Voter Registration Act and should be dismissed.

<u>Conclusion</u>

24.     A complaint must allege sufficient facts to establish plausible grounds upon which the claim rests and must contain more than a claimant's bare averment that he wants relief and is entitled to it.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  This Court should grant Defendant's Motion to Dismiss unless the factual allegations in the Complaint raise a reasonable inference that Plaintiffs will be able to make their case.  *Id.*  Section 2721 expressly prohibits disclosure of the information requested by Plaintiff and, therefore, there is no plausible ground upon which Plaintiff's claim rests.  Accordingly, this Court should grant Defendant's

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss the Complaint with prejudice.

WHEREFORE, Susan Reed, in her official capacity as General Registrar for the City of Manassas, respectfully requests that the Court: (i) dismiss the Complaint filed by the Public Interest Legal Foundation, Inc. with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); and (ii) grant Defendant such other and further relief as may be just and proper.

Respectfully submitted,

SUSAN REED, in her official capacity
General Registrar for the City of Manassas


By:    /s/ William W. Tunner
                 Counsel


William W. Tunner, Esquire (VSB #38358)
David N. Gustin, Esquire (VSB #86350)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Telephone: (804) 698-6205
Facsimile: (804) 780-1813
Email: wtunner@t-mlaw.com
Email: dgustin@t-mlaw.com

*Counsel for Susan Reed*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 25th day of November, 2016, a true and accurate copy of the foregoing Motion was served via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:

J. Christian Adams (VSB#42543)
Noel H. Johnson
Public Interest Legal Foundation
209 W. Main Street
Plainfield, IN 46168
Phone: (317) 203-5599
Fax: (888) 815-5641
E-mail: adams@publicinterestlegal.org
E-mail: njohnson@publicinterestlegal.org

 /s/ William W. Tunner_____
William W. Tunner
