UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| THE PUBLIC INTEREST LEGAL FOUNDATION, INC. <br><br> Plaintiff, <br><br> v. <br><br> SUSAN REED, in her official capacity as General Registrar for the City of Manassas, <br><br> Defendant. | Civ. No. 1:16-CV-1375 |

**SUSAN REED'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES**

Susan Reed ("Defendant"), in her official capacity as General Registrar for the City of Manassas, by counsel, respectfully submits this Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In connection therewith, Defendant respectfully states as follows:

**Procedural Background**

The Public Interest Legal Foundation, Inc. ("Plaintiff") commenced this adversary proceeding by filing a Complaint on October 31, 2016 seeking declaratory and injunctive relief to compel Defendant's compliance with Section 8 of the National Voter Registration Act of 1993 ("NVRA"). Defendant filed a motion to dismiss on November 25, 2016. Plaintiff filed its Memorandum in Opposition to Defendant's Motion to Dismiss on December 6, 2016.

## Argument

### I.   Non-Citizenship Cancellation Reports Derived from the DMV Are Prohibited From Disclosure

Plaintiff asserts that its requests for non-citizenship cancellation reports "do not involve motor vehicle information" and that they "seek list maintenance records of a local registrar tasked with maintaining voter rolls free of non-citizens." Specifically, Plaintiff argues that its requests pertain to three subclasses of information that relate to all list maintenance. However, all of the information requested related to the non-citizenship of persons and their identities is entirely derived from Department of Motor Vehicle ("DMV") records, and is therefore only property disclosed under discrete circumstances found in 18 U.S.C. § 2721(b) and (c). The plaintiff falls outside of the class of persons to whom this information is lawfully available.

The NVRA specifies that list maintenance documents are "records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered." 42 U.S.C. § 1973gg-67(i)(l). Plaintiff may access such information through inspection of the voter rolls and voter registration documents. In its Complaint, Plaintiff focuses its request on "records showing individuals whose voter registrations have been cancelled because they were determined to not be United States citizens." Comp. ¶ 10. While the disclosure requirements have been interpreted broadly, there is no authority establishing that non-citizenship cancellation reports must be disclosed under the NVRA. The information in non-citizenship cancellation reports derives from the DMV. As

such, the non-citizenship cancellation reports are distinctly different from the list maintenance documents created and maintained in the Office of the General Registrar.

Plaintiff erroneously posits that 18 U.S.C. § 2721 applies only to disclosures by the DMV. This contention is flawed. Section 2721(b) allows the DMV to disclose "personal information" to "any government agency, including any court of law enforcement agency, in carrying out its function . . . ." Consequently, the DMV is permitted to disclose non-citizenship cancellation reports to the General Registrar, an official of a government agency; however, this disclosure does not extend to list maintenance requests made by private citizens. Section 2721(c) prohibits re-disclosure by an authorized recipient (the General Registrar) to those who fall outside of the exceptions enumerated in Section 2721(b). The plaintiff does not fall under the exception found in paragraph (b)(1) and cannot reasonable be said to be assisting any government agency in carrying out its functions. Rather, providing the personal information to the General Registrar for the express purpose of disclosing the information to a private citizen would be a direct violation of the prohibition established in Section 2721.

Additionally, Plaintiff contends that the information requested relates to voter registration records and not motor vehicle records. Specifically, Plaintiff requests documents "regarding all registrants who were identified as potentially not satisfying the citizenship requirements for registration from *any information source*"; "provid[ing] the names of the registrant who were identified as potentially not satisfying the citizenship requirements for registration from any information source"; and "provid[ing] the nature and content of any notice sent to any registrant potentially not satisfying the citizenship requirements for registration." Despite these initial vague requests, in its Complaint, Plaintiff elaborates and solely focuses solely on disclosure of "duplicate records showing individuals whose voter registrations have been cancelled because

they were determined not to be United States citizens (hereafter, the "noncitizen cancellation reports")." Compl. ¶ 10.

While Plaintiff argues that its request is not restricted to the DMV, all of the information requested by the Plaintiff derives from the DMV. Mandating disclosure of the information would require the DMV to knowingly provide the information to the General Registrar for disclosure to a non-governmental private entity. Such disclosure would contradict the express prohibitions under Section 2721. Accordingly, the information is prohibited from disclosure.

## II.     *Project Vote* Pertained to Voter Registration Information and Is Distinguishable

Plaintiff argues that the "overwhelming weight of authority" supports denial of Defendant's motion by contending that the *Project Vote* cases are dispositive of the current matter. *Project Vote* dealt with a non-profit group that sought to increase voter registration. *See Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331 (4th Cir. 2012); *Project Vote/Voting for Am., Inc. v. Long*, 813 F. Supp. 2d 738 (E.D. Va. 2011); *Project Vote/Voting for Am., Inc. v. Long*, 752 F. Supp. 2d 697 (E.D. Va. 2010). The plaintiffs in *Project Vote* specifically requested

> "completed *voter registration applications* of any individual who timely submitted an application at any time from January 1, 2008, through October 31, 2008, who was not registered to vote in time for the November 4, 2008 general election," as well as "documents identifying the reasons the applications were rejected."

682 F.3d at 332 (emphasis added). In the current matter, Plaintiff request "duplicate records showing individuals whose voter registrations have been cancelled because they were determined not to be United States citizens." Consequently, the information requested is not voter registration applications and is entirely different than the requested information at issue in *Project Vote*.

First, as previously established, the information requested is directly derived from the DMV and is prohibited under Section 2721(a).  Additionally, while the voter registration information in *Project Vote* did not deal with non-citizenship cancellation requests, the Fourth Circuit did address information relating to citizenship under the NVRA.  Specifically, the Fourth Circuit found

> [w]ithout verification of an applicant's *citizenship*, age, and other necessary information *provided by registration applications*, state officials would be unable to determine whether that applicant meets the statutory requirements for inclusion in official voting lists.  Thus, *completed applications* not only "concern[ ] the implementation of" the voter registration process, but are also integral to its execution

682 F.3d at 336 (emphasis added).  In analyzing Plaintiff's request for voter registration applications, the Fourth Circuit suggests that citizenship information can be provided by registration applications.  *Id.*  The relevant non-citizenship information requested by Plaintiff is accessible through the normal information divulged by state election officials in voter registration applications.  While not presented with a request for non-citizenship cancellation reports, the Fourth Circuit found that voter registration applications were sufficiently detailed to provide citizenship information when determining whether individuals were properly included in voting lists.  *Id.*  Rather than supporting Plaintiff's contention, *Project Vote* demonstrates that the information sought by Plaintiff can be received through voter registration applications and other information normally sought under the NVRA.

Lastly, improper disclosure of personal information protected by the DMV has led to incidents of danger and harassment to the victim.  In *Margan v. Niles*, the plaintiff, who had been hired to administer the defendant's workers' compensation case, hired a team of private investigators to gather information regarding the defendant's alleged compensable work-related

injury. 250 F.Supp.2d 63, 66 (E.D.N.Y. 2003). In response, the defendant accessed personal information from the DMV through his friend, a police officer, and went to the plaintiffs' homes, "engaged in acts of vandalism" and harassment towards the plaintiffs. *Id.* at 66-67. Specifically, the defendants went to the plaintiff's home, "videotaped her family, including her children; delivered the videotape together with a threatening note to her home; sent her flowers with a threatening greeting card attached; and otherwise harassed or threatened her." *Id.* at 66. *Margan* is a striking example of why the personal information at issue is prohibited from disclosure and the utility Section 2721 serves in protecting private citizens from unnecessary disclosure. Allowing the Plaintiff access to the protected information within the non-citizenship cancellation reports would needlessly place many Virginia residents at risk of similar harassment and threatening conduct.

As such, Plaintiff's request is prohibited from disclosure under Section 2721 and accessible through voter registration applications. Accordingly, this Court should grant Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss the Complaint with prejudice.

WHEREFORE, Susan Reed, in her official capacity as General Registrar for the City of Manassas, respectfully requests that the Court: (i) dismiss the Complaint filed by the Public Interest Legal Foundation, Inc. with prejudice for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); and (ii) grant Defendant such other and further relief as may be just and proper.

                Respectfully submitted,

                SUSAN REED, in her official capacity
                General Registrar for the City of Manassas

By:   /s/ William W. Tunner
           Counsel

William W. Tunner, Esquire (VSB #38358)
David N. Gustin, Esquire (VSB #86350)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Telephone: (804) 698-6205
Facsimile: (804) 780-1813
Email: wtunner@t-mlaw.com
Email: dgustin@t-mlaw.com

*Counsel for Susan Reed*

## **CERTIFICATE OF SERVICE**

       I hereby certify that on the 12th day of December, 2016, a true and accurate copy of the foregoing Motion was served via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:

J. Christian Adams (VSB#42543)
Noel H. Johnson
Public Interest Legal Foundation
209 W. Main Street
Plainfield, IN 46168
Phone: (317) 203-5599
Fax: (888) 815-5641
E-mail: adams@publicinterestlegal.org
E-mail: njohnson@publicinterestlegal.org

                                                                         /s/ William W. Tunner
                                                                        William W. Tunner