UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | |
|---|---|
| THE PUBLIC INTEREST LEGAL ) <br> FOUNDATION, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUSAN REED, in her official capacity as ) <br> General Registrar for the City of Manassas, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) <br> ) | Civ. No. 1:16-CV-1375 |

**SUSAN REED'S REPLY TO THE REPUBLICAN PARTY OF VIRGINIA'S AMICUS CURIAE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FED. R. CIV. P. 12(b)(6) AND MEMORANDUM OF POINTS AND AUTHORITIES**

Susan Reed ("Defendant"), in her official capacity as General Registrar for the City of Manassas, by counsel, respectfully submits this Reply to the Republican Party of Virginia's (the "RPVA") Amicus Curiae Brief in Opposition to Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In connection therewith, Defendant respectfully states as follows:

**Procedural Background**

The Public Interest Legal Foundation, Inc. ("Plaintiff") commenced this adversary proceeding by filing a Complaint on October 31, 2016 seeking declaratory and injunctive relief to compel Defendant's compliance with Section 8 of the National Voter Registration Act of 1993 ("NVRA"). Defendant filed a Motion to Dismiss on November 25, 2016. Plaintiff filed its Memorandum in Opposition to Defendant's Motion to Dismiss on December 6, 2016.

Defendant filed its Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss on December 12, 2016.  On December 14, 2016, the RPVA filed an Amicus Curiae Brief in Opposition to Defendant's Motion to Dismiss.

## Argument

**I.  Non-Citizenship Cancellation Reports Derived from the DMV Are Prohibited From Disclosure Under the Driver Privacy Protection Act and Virginia Code § 24.2-410.1**

RPVA maintains that applying the Driver Privacy Protection Act's ("DPPA") requirements to noncitizen cancellation reports "would undermine the National Voter Registration Act and the rights of political parties under Virginia's election code."  Throughout its argument, the RPVA suggests that voter registration records and noncitizen cancellation reports are identical and contain the same information.  Most notably, the RPVA cites to Virginia Code § 24.2-405 and § 24.2-429 in support of its contention that application of the DPPA to noncitizen cancellation reports would also prohibit the RPVA from "acquir[ing] and us[ing] the voter registration list to which it is entitled under Virginia election's laws."  The RPVA's reading of Code § 24.2-405 and 24.2-429 is incorrect.  Contrary to the RPVA's argument, Chapter 24.2 of the Virginia Code expressly distinguishes between voter registration records and noncitizen cancellation reports.

Code § 24.2-405 provides instruction on how the Virginia Department of Elections ("DOE") must proceed in disclosing lists of registered voters.  Specifically, the Section 24.2-405 provides that

> [t]he Department of Elections shall provide, at a reasonable price, lists of registered voters for their districts to . . . (iii) political party committees or officials thereof for political purposes only, (iv) political action committees that have filed a current statement of organization with the Department of Elections pursuant to § 24.2-949.2, or with the Federal Elections Commission pursuant to federal law, for political purposes only, (v) incumbent

2

> officeholders to report to their constituents, (vi) nonprofit organizations that promote voter participation and registration for that purpose only . . . .

In addition, the DOE is also authorized "to furnish information from the voter registration system to general registrars for their official use and to the Department of Motor Vehicles and other appropriate state agencies for maintenance of the voter registration system . . . ." Code § 24.2-405(A). However, the DOE is not allowed to disclose all information relating to voter registration, as the RPVA seemingly suggests, and is prohibited from disclosing voter registration lists containing social security numbers of individuals. Code 24.2-405(C).

Importantly, the Code expressly distinguishes between voter registration records and noncitizen cancellation reports. Noncitizen cancellation reports are addressed in Code § 24.2-410.1(B), which requires that "the Department of Motor Vehicles shall furnish monthly to the Department of Elections a complete list of all persons who have indicated noncitizen status to the Department of Motor Vehicles in obtaining a driver's license, commercial driver's license, temporary driver's permit, learner's permit, motorcycle learner's permit, special identification card, or renewal thereof . . . ." While voter registration records are subject to the disclosure requirements under Section 24.2-405, Section 24.2-410.1(B) expressly prohibits disclosure of noncitizen cancellation reports. Specifically, the Code provides "[t]he Department of Elections shall transmit the information from the list to the appropriate general registrars. *Information in the lists shall be confidential and available only for official use by the Department of Elections and general registrars*." (emphasis added). The RPVA ignores these critical disclosure restrictions and incorrectly argues that noncitizen cancellation reports are voter registration documents. Rather, the Chapter 24.2 of the Virginia Code distinguishes between noncitizen

cancellation reports as confidential (i.e. secret, private[1]) and voter registration documents that must be disclosed.

Furthermore, the Code specifically establishes different procedures for disclosure of voter registration documents, Code § 24.2-405, and noncitizen cancellation reports, Code § 24.2-410.1(B). "It is a fundamental principle of statutory construction that *expressio unius est exclusio alterius*, or 'where a statute speaks in specific terms, an implication arises that omitted terms were not intended to be included within the scope of the statute.'" Conkling v. Commonwealth, 45 Va. App. 518, 522, 612 S.E.2d 235, 237 (2005) (quoting Commonwealth v. Brown, 259 Va. 697, 705-06, 529 S.E.2d 96, 100 (2000)). Consequently, the omission of voter registration lists from Code 24.2-410.1(B) indicates the legislature's intention to protect citizenship information contained in noncitizen cancellation reports.

Lastly, the RPVA's contention that prohibition of the disclosure of noncitizen cancellation reports would frustrate the purpose of the NVRA and prevent organizations from acquiring and using voter registration lists is incorrect. The NVRA requires disclosure and review of "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy of official lists of eligible voters, except to the extent that such records relate to the declination to register to vote . . . ." 52 U.S.C. § 20507(i)(1). The information subject to disclosure "includes lists of the names and addresses of all person to whom notices described in subsection (d)(2) are sent . . . ." 52 U.S.C. § 20507(i)(2).

Noncitizen information is not mentioned under Section 20507 and, therefore, is not included as a list maintenance document subject to disclosure under the NVRA. As the noncitizen cancellation reports are not list maintenance documents, it does not frustrate the purpose of the NVRA by prohibiting its disclosure. The RPVA incorrectly categorizes voter

---

[1] As defined by the Meriam Webster Dictionary at: https://www.merriam-webster.com/dictionary/confidential

registration documents and noncitizen cancellation reports collectively as list maintenance documents subject to disclosure.  The plain language of the NVRA, DPPA and Code § 24.2-410.1 indicate the opposite finding and prohibit disclosure of noncitizen cancellation reports as they are not list maintenance documents.

> II.     **The Cases Cited By the RPVA Are Not Binding Upon This Court and Are Distinguishable**

The RPVA relies on two cases outside of the jurisdiction of the Eastern District of Virginia as an attempt to bolster its argument that noncitizen cancellation reports are the same as voter registration documents and subject to disclosure under the NVRA.  All of the authority cited is non-binding on this Court and distinguishable from the issues presented in the current matter.

First, the RPVA cites *Lake v. Neal*, 585 F.3d 1059 (7th Cir. 2009) for the proposition that information in voter registration forms is not derived from motor vehicle records within the DMV.  In *Lake*, the document at issue was a voter registration form not a noncitizen cancellation report.  The Seventh Circuit determined that the voter registration form was not derived from motor vehicle records at the DMV.  Here, Plaintiff demands disclosure of noncitizen cancellation reports, which are distinct from the voter registration forms in *Lake*.  As previously mentioned, the Virginia Code provides different disclosure requirements for voter registration forms and noncitizen cancellation reports.  *See* Code §§ 24.1-405 and 24.2-410.1.  Specifically, noncitizen cancellation reports are lists compiled by the DMV of all people who have indicated a noncitizen status to the DMV.  Unlike the documents at issue in *Lake*, the noncitizen cancellation forms are "confidential and available only for use by the Department of Elections."  Code § 24.2-410.1.  Accordingly, the RPVA's reliance on *Lake* is misplaced.

Additionally, the RPVA relies on *Davis v. Freedom of Information Commission*, 259 Conn. 45 (2002) for the proposition that the "DPPA does not apply to other government agencies that disclose personal information received from DMV in the course of their normal governmental functions." As a preliminary matter, *Davis* is legal authority from a Connecticut appellate court and should not be given much weight. Further, the issue presented in *Davis* dealt with whether the DPPA prohibited a tax accessor from disclosing "the motor vehicle grand list books for 1997 and 1998." *Id.* at 310. *Davis* does not relate to the disclosure of noncitizen cancellation reports or any citizenship data. As the disclosure of citizenship data and the application of Code § 24.2-410.1 are central to the current matter, *Davis* offers little influence to the issue at hand. Consequently, the RPVA's reliance on *Davis* is unpersuasive.

In its brief, the RPVA attempts to generally classify noncitizen cancellation reports as voter registration documents. The relevant Virginia Code sections and DOE reports cited by the RPVA all indicate that noncitizen cancellation reports are viewed wholly different than voter registration documents. The noncitizen cancellation report information is derived directly from the DOE and should be prohibited from disclosure under 18 U.S.C. § 2721. Furthermore, the Code of Virginia mandates that the reports "*shall be confidential and available only for the use of the Department of Elections*." Code § 24.2-410.1(B). As such, Plaintiff's request is prohibited from disclosure under Section 2721 and Va. Code § 24.2-410.1(B). Accordingly, this Court should grant Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss the Complaint with prejudice.

WHEREFORE, Susan Reed, in her official capacity as General Registrar for the City of Manassas, respectfully requests that the Court: (i) dismiss the Complaint filed by the Public Interest Legal Foundation, Inc. with prejudice for failure to state a claim upon which relief can

be granted pursuant to Fed. R. Civ. P. 12(b)(6); and (ii) grant Defendant such other and further relief as may be just and proper.

                                        Respectfully submitted,

                                        SUSAN REED, in her official capacity
                                        General Registrar for the City of Manassas


                              By:    /s/ William W. Tunner
                                          Counsel


William W. Tunner, Esquire (VSB #38358)
David N. Gustin, Esquire (VSB #86350)
*Thompson*McMullan, P.C.
100 Shockoe Slip
Richmond, Virginia 23219
Telephone: (804) 698-6205
Facsimile: (804) 780-1813
Email: wtunner@t-mlaw.com
Email: dgustin@t-mlaw.com

*Counsel for Susan Reed*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December, 2016, a true and accurate copy of the foregoing Motion was served via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:


J. Christian Adams (VSB#42543)
Noel H. Johnson
Public Interest Legal Foundation
209 W. Main Street
Plainfield, IN 46168
Phone: (317) 203-5599
Fax: (888) 815-5641
E-mail: adams@publicinterestlegal.org
E-mail: njohnson@publicinterestlegal.org

                                                                     /s/ William W. Tunner
                                                                     William W. Tunner

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of December, 2016, a true and accurate copy of the foregoing Motion was served via the Electronic Case Filing (ECF) system, as appropriate and as indicated, on the following parties:

Christopher M. Marston
General Counsel
Republican Party of Virginia
115 E. Grace St.
Richmond, Virginia 23218
Phone: (571) 482-7690
Fax: (703) 997-2549
E-mail: cmarston@rpv.org

                                                                                                                            /s/ William W. Tunner
                                                                                                                William W. Tunner